UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 16-25205-CIV-MARTINEZ-OTAZO-REYES

BYRON H. RUIZ,
EDUARDO A. TORRES,
and other similarly-situated individuals,

    Plaintiffs,

v.

GLOBAL FISH HANDLERS, CORP.,
and CARL A. CRUZ, individually,

    Defendants.
_____/

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made by and between Plaintiffs, BYRON H. RUIZ and EDUARDO A. TORRES (collectively, "Plaintiffs") and Defendants, GLOBAL FISH HANDLERS, CORP., and CARL A. CRUZ (collectively, "Defendants"). Plaintiffs and Defendants shall be collectively referred to as the "Parties."

The Parties hereby agree as follows:

A.    Plaintiffs have filed an action against Defendants asserting claims for overtime and minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. §201, et. seq. ("FLSA") (the "Action");

B.    The Action is pending in the United States District Court for the Southern District of Florida, Case No. 1:16-cv-25205-JEM;

C.    Defendants deny that they violated Plaintiffs' rights with respect to the claims raised in the Action, either under the FLSA, or any other local, state, federal, or common law;

D.  The Parties have agreed to compromise and settle the Action; and

E.  The Parties agree that compromise and settlement of said claims by Plaintiffs against Defendants are not limited to the allegations asserted by Plaintiffs in the Action, and this Agreement includes all other legal and administrative actions, which are based on or related to the allegations of the Action.

In consideration of the mutual promises, agreements and covenants made by each signatory to the other as set forth herein, the Parties agree as follows:

1.  The above recitals are true and correct and are incorporated into and made an express part of this Agreement.

2.  Plaintiffs agree to jointly file with Defendants a Joint Motion for Approval of Terms of Settlement and Proposed Final Order of Dismissal with Prejudice with the United States District Court for the Southern District of Florida, requesting, *inter alia*, approval of the terms of this Agreement and dismissal as to all of Plaintiffs' claims in the Action with prejudice prior to receipt of the sums of money set forth below ("Joint Motion"), no later than 3 days after the Parties' execution of this Agreement.

3.  In consideration for Plaintiffs' promises and covenants contained herein, Defendants will pay Plaintiffs the total gross amount of $9,000.00 (Nine-Thousand and 00/100 Dollars), in the form of a check, which shall be broken down as follows:

(a)  $4,500.00 (Four-Thousand, Five-Hundred and 00/100 Dollars) to Plaintiff BYRON H. RUIZ, representing full compensation for back pay, liquidated damages, and any other damages that BYRON H. RUIZ has alleged;

(b)     $4,500.00 (Four-Thousand, Five Hundred and 00/100 Dollars) to Plaintiff EDUARDO A. TORRES, representing full compensation for back pay, liquidated damages, and any other damages that EDUARDO A. TORRES has alleged.

(c)     Plaintiffs shall provide counsel for Defendants a W-9 upon Plaintiffs' execution of this Agreement.

4.     Separate and apart, Defendants will pay Plaintiffs' attorney, "Zandro E. Palma, P.A.", the total gross amount of $6,000.00 (Six-Thousand and 00/100 Dollars), for attorney's fees and costs incurred in this matter. Zandro E. Palma, P.A. shall provide counsel for Defendants a W-9 upon Plaintiffs' execution of this Agreement.

The Parties agree that the amount paid to Plaintiffs' Counsel for attorney's fees and costs is fair and reasonable. This payment is intended to compensate Plaintiffs' counsel for any and all claims for attorney's fees and costs he may have, and that no further amounts of fees and costs are owed to him in this matter.

5.     The amounts set forth above, to be ultimately distributed to Plaintiffs and to their attorney, shall be provided to Plaintiffs' counsel in three installments as follows:

i.     The first installment, in the amount of $5,000.00, shall be made no later than seven (7) calendar days from the Parties' execution of this Agreement, or by May 3rd, 2018. All funds shall remain in Plaintiffs' Counsels Trust account until the Court has entered an Order approving the Joint Motion for Approval and Dismissing the case with prejudice;

ii.     The Second installment, in the amount of $5,000.00, shall be made no later than thirty (30) days from the date of the first payment, or by June 2nd, 2018;

iii.     The Third installment, in the amount of $5,000.00, shall be made no later than thirty (30) days from the date of the second payment, or by July 2nd, 2018;

  iv. Said installments shall be made payable to "Zandro E. Palma, P.A. IOLTA Account", and delivered to Plaintiffs' counsel, Zandro E. Palma, Esq., Law Offices of Zandro E. Palma, P.A., 9100 South Dadeland Blvd., Suite 1500, Miami, Florida 33156, by their respective due dates.

  v. **Default Provision**. In the event that a payment, as set forth above, is not received by Plaintiffs' counsel by its respective due date, Plaintiffs' counsel shall send "Notice of Default" via e-mail to counsel for the Defendants. Thereafter, Defendants shall have three (3) business days to cure. Should Defendants not cure within three (3) business days by making payment, then Plaintiffs shall be entitled to entry of a Stipulated Final Judgment against all Defendants, jointly and severally, in the amount of $45,000.00 (U.S. Forty-Five Thousand and 00/100 Dollars) minus any amounts paid, plus reasonable fees incurred in entering final judgment.

 6. Plaintiffs further agree that the consideration set forth in Section 3 resolves all of Plaintiffs' and Defendants' bona fide disputes as to the issue of alleged unpaid overtime and minimum wages being owed to Plaintiffs, and that upon receipt of the consideration set forth in Section 3, Plaintiffs have been paid and/or have received all leave (paid or unpaid), compensation, wages, bonuses and/or commissions to which they may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses and/or commissions are due to them under applicable law, including but not limited to the Fair Labor Standards Act and local and state wage and hour laws, under Defendants' policies, under any agreements, including Employment Agreements, between Plaintiffs and Defendants or otherwise.

 7. Plaintiffs agree that if they bring any additional or new claims against Defendants arising out of or relating to the claims asserted in the Action, in a court of law or otherwise, they

must first return all sums of money paid to them and their lawyer (or the monetary equivalent of any benefits provided to them), as described in Section 3.

8.  In the event an action is commenced seeking enforcement of this Agreement, the prevailing party in such action shall be entitled to recover its reasonable attorneys' fees and costs from the other party, including all appeals.

9.  Plaintiffs agree to pay the employee's share of taxes, if any, which are required by law to be paid with respect to any portions of this settlement and the amounts paid to them. Plaintiffs further agree to indemnify and hold Defendants harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries of any governmental authority assessed against Defendants because of Plaintiffs' failure to pay applicable taxes on any portion of the entire settlement amount. Plaintiffs further agree to hold Defendants harmless as to costs, expenses or damages sustained by Defendants as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise as a result of Plaintiffs' failure to pay such taxes.

10.  **Non-Disparagement**. Plaintiffs agree not to criticize or make any negative or disparaging remarks about Defendants, their business or business practices, their owners, their agents, or their current and former employees.

11.  **Neutral References**. Defendants agree that should a prospective employer of Plaintiffs seek any information about Plaintiffs, Defendants shall only provide Plaintiffs' dates of employment, positions held, and rate of pay.

12.  **Confidentiality**. Plaintiffs agree to, pledge, covenant and promise to hold strictly confidential both the terms of this Agreement and the circumstances underlying it, except to the extent that is required in order to submit this Agreement to the Court for approval and the extent

5

they are required to reveal information under compulsion of legal process. Plaintiffs may reveal the details of this Agreement to their attorneys, accountants and/or members of their immediate family (meaning spouse or domestic partner) but only if those individuals agree to keep confidential the information revealed to them. If Plaintiffs are expressly asked about the status or outcome of the Action, they may state only "the matter was resolved and that the terms of the Agreement prohibit further comment."

13. Plaintiffs acknowledge that they have been advised to consult an attorney prior to signing this Agreement, and that they have in fact consulted with and been advised by Zandro E. Palma, Esq. in the negotiation of this Agreement. Plaintiffs are satisfied that Mr. Palma have provided them with competent legal advice and has explained to their satisfaction all of the terms of this settlement and all of their legal options before they signed this Agreement.

14. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement.

15. This Agreement may not be amended except in a writing that is signed by all parties to this Agreement.

16. This Agreement may be signed in Counterparts, each of which shall be deemed an original, but all of which together constitute one and the same Agreement.

17. This Agreement is a contract that shall be construed and enforced in accordance with and subject to the laws of the State of Florida.

18. Exclusive venue for any legal action brought under, or related to, this Agreement shall be Miami-Dade County, Florida.

Dated this _____ day of _____ 2018

_____
**BYRON H. RUIZ**

Dated this __26__ day of __April__ 2018

_____
**EDUARDO A. TORRES**

Dated this __26__ day of __April__ 2018

_____
**GLOBAL FISH HANDLERS, CORP.**

By: __Carl Cruz__

Its: __President__

Dated this __26__ day of __April__ 2018

_____
**CARL A. CRUZ**